## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NJOY, INC.,[1] | Case No. 16-12076 (CSS) |
| Debtor. | RE: D.I. 5 †2\ |

## INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF CASH MANAGEMENT SYSTEM, (II) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS, ACCOUNT CONTROL AGREEMENTS, AND CERTAIN PAYMENT METHODS, AND (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. 345(b)

Upon the motion (the "**Motion**")[2] of NJOY, Inc., the debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Case**"), for entry of an interim order (the "**Interim Order**"), pursuant to sections 105, 345, 363, 364(b), and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2015-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing the Debtor's continued use of its existing cash management system and related vendors, (ii) authorizing the Debtor to continue using prepetition bank accounts and account control agreements and using debit, wire, and ACH payments, and (iii) waiving the requirements of Bankruptcy Code section 345(b); and upon consideration of the First Day Declaration and the record of this Case; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this Case and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be

---

[1] The last four digits of the Debtor's federal tax identification number are 6013. The Debtor's mailing address and principal place of business is 15211 N. Kierland Blvd., Suite 200, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

given; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED on an interim basis, as set forth herein.

2.    The final hearing (the "Final Hearing") on the Motion shall be held on **October 7, 2016, at 10:00 p.m., prevailing Eastern Time**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on September 30, 2016**, and shall be served on (i) the Debtor, 15211 North Kierland Boulevard, Suite 200, Scottsdale, Arizona 85254 (Attn: Jeffrey Weiss); (ii) proposed counsel for the Debtor, Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange St., 3rd Floor, Wilmington Delaware 19801 (Attn: Michael Busenkell and Ronald S. Gellert); (iii) counsel to any statutory committee appointed in this case; (iv) counsel for the Agent, Otterbourg, P.C., 230 Park Avenue, New York, New York 10169-0075, Attn: Daniel F. Fiorillo, Esq. and Chad B. Simon, Esq., Fax: (212) 682-6104; and (v) Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (collectively, the "**Notice Parties**"). If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

3.    The Debtor is authorized, in its sole discretion, to: (a) continue operating the Cash Management System and honor any prepetition obligations related thereto; (b) maintain existing Bank Accounts and business forms, (c) maintain the ability to use debit, wire, and ACH payments, and (d) continue to deposit and invest funds in accordance with its current practices, notwithstanding section 345(b) of the Bankruptcy Code.

4.      The Debtor will maintain records in the ordinary course of business reflecting transfers of cash, if any, so as to permit all such transactions to be ascertainable.

5.      The Debtor is further authorized, in its sole discretion, to: (a) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit B** to the Motion; (b) use, in their present form, all checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtor's status as a debtor in possession; (c) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, ACH payments, and other debits; and (e) pay any ordinary course both prepetition or postpetition bank fees incurred in connection with the Bank Accounts, and to otherwise perform the Debtor's obligations under the documents governing the Bank Accounts.

6.      All Banks at which the Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as a debtor in possession, without interruption and in the ordinary course of business.  In this regard, the Banks are authorized to receive, process, honor and pay any and all checks, ACH payments and other instructions, and drafts payable through, drawn, or directed on the Bank Accounts after the Petition Date by holders, makers, or other parties entitled to issue instructions with respect thereto.

7.      All Banks are authorized to debit the Bank Accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Bank Accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof before the Petition Date, (ii) all checks or other items deposited in one of the Bank Accounts before the Petition Date that have been dishonored or returned unpaid for any reason,

3

together with any fees and costs incurred in connection therewith, to the same extent the Debtor was responsible for such items and charges before the Petition Date, and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as a service charge for the maintenance of the Cash Management System.

8.    All Banks provided with notice of this Interim Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues stop payment orders in accordance with the documents governing such Bank Accounts.

9.    The Deposit Account Control Agreement and any other agreements related to the Bank Accounts shall be maintained and shall continue to govern the postpetition cash management relationship among the Debtor, Agent and Wells Fargo Bank, National Association, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect; additionally, either the Debtor, Agent or Wells Fargo Bank, National Association may, without further order of this Court, but upon notice to any statutory committee(s) appointed in this case and the Office of the United States Trustee, agree to and implement changes to the cash management systems and procedures in the ordinary course of business pursuant to the terms of the Deposit Account Control Agreement and any other agreements related to the Bank Accounts, including, without limitation, the opening and closing of individual bank accounts.

10.    In the course of providing cash management services to the Debtor, any Bank, without further order of this Court, is authorized to (i) charge, and the Debtor is authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges, and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtor, and (ii) charge-back returned items to the Bank

4

Case 16-12076-CSS    Doc 27    Filed 09/20/16    Page 5 of 8

Accounts, whether such items are dated before, on, or subsequent to the Petition Date, in the ordinary course.

11.    Notwithstanding any other provision of this Interim Order, any Bank may rely on the representations of the Debtor with respect to whether any check, draft, wire, payment order or other transfer drawn or issued by the Debtor before the Petition Date should be honored pursuant to this or any other order of this Court, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

12.    Any Banks are further authorized to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account, and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; provided, in each case, that the Debtor's Banks shall not have any liability to any party for relying on such representations.

13.    For Banks at which the Debtor holds bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Interim Order the Debtor shall (a) contact each bank, (b) provide the bank with the Debtor's employer identification number and this case number (16-12076 (CSS)), and (c) identify each of its bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case.

14.    For Banks at which the Debtor holds accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of this Interim Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to

5

execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

15.     The Debtor is authorized to use its existing check stock; provided, however, that once the Debtor's existing checks have been used, the Debtor shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks and provided further that, with respect to checks which the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor in Possession" legend and bankruptcy case number on such items within ten (10) days of the date of entry of this Order.

16.     The requirements of section 345 of the Bankruptcy Code, to the extent applicable, are waived on an interim basis for thirty (30) days, which period may be further extended without notice or hearing by order of the Court at the request of the Debtor.

17.     Each of the Debtor's Banks is authorized to debit the Debtor's accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Petition; (ii) all checks, ACH entries, and other items deposited or credited to one of the Debtor's accounts with such Bank prior to filing of the Case which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to filing of the Case; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

18.     Nothing contained herein shall prevent the Debtor from closing any Bank Account(s) or opening any additional bank accounts, as they may deem necessary and appropriate, and any relevant bank is authorized to honor the Debtor's requests to close or open

6

such Bank Accounts or additional bank accounts, as the case may be; provided, however, that the Debtor shall open any such new Bank Accounts at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement. The Debtor shall give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in this case in the event that any Bank Accounts are closed or opened.

19.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor or a waiver of the Debtor's rights to dispute any claim or lien.

20.    This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; provided that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

21.    Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor. The requirements of Bankruptcy Rule 6004(a) are waived under the circumstances.

22.    Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Interim Order shall be effective immediately and enforceable upon its entry; (b) the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Interim Order; and (c) the Debtor is authorized and empowered, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Interim Order.

23.    Within ~~fifteen~~ five (5) days of the date of the entry of this Interim Order, the Debtor

will serve a copy of this Interim Order on the Banks at which the Bank Accounts are maintained.

24.    The Debtor is authorized to take all actions necessary to effectuate the relief

granted in this Interim Order in accordance with the Motion.

25.    The Court retains jurisdiction and power with respect to all matters arising from

or related to the implementation or interpretation of this Interim Order.

Dated: Wilmington, Delaware
        Sept 20       , 2016

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

8