# EXHIBIT "A"

## Exhibit A

**(Bid Procedures Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NJOY, INC.,[1] | Case No. 16-12076 (CSS) |
| Debtor. | |

**ORDER (A) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE**
**OF SUBSTANTIALLY ALL, OR A SUBSET, OF THE DEBTOR'S ASSETS,**
**(B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF,**
**(C) SCHEDULING AN AUCTION AND A SALE HEARING, (D) APPROVING**
**PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT**
**OF CONTRACTS AND LEASES, AND (E) GRANTING RELATED RELIEF**

Upon the Motion[2] of the Debtor for entry of an order (this "**Order**"), (a) authorizing and approving the bid procedures attached hereto as **Exhibit 1** (the "**Bid Procedures**"), (b) approving the form and manner of notice of the Auction and the Sale Hearing with respect to the sale of all or substantially all of the assets of the Debtor (the "**Assets**"), and (c) scheduling an Auction and a Sale Hearing; it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, **THE COURT FINDS THAT:**

---

[1] The last four digits of the Debtor's federal tax identification number are 6013.  The Debtor's mailing address and principal place of business is 15211 N. Kierland Blvd., Suite 200, Scottsdale, Arizona 85254.

[2] All capitalized times not defined in this Order shall have the meanings ascribed to them in the Motion.

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The bases for the relief requested in the Motion are: (i) sections 105, 363, 365, 503, and 507 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"); (ii) Rules 2002(a)(2), 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (iii) 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure (the "**Local Rules**").

D.      Notice of the Motion has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) proposed counsel to the Official Committee of Unsecured Creditors; (iii) counsel for the Agent; (iv) counsel for the Pre-Petition Subordinate Note Agent; (v) the Debtor's 20 largest unsecured creditors; (vi) the United States Attorney's Office for the District of Delaware; (vii) the Internal Revenue Service; (viii) the office of the attorneys general for the states in which the Debtor operates; (ix) the Securities and Exchange Commission; (x) all parties who have expressed a written interest in some or all of the Assets; (xi) all known holders of liens, encumbrances, and other claims secured by the Assets; (xii) each governmental agency that is an interested party with respect to the Sale; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of the Motion was adequate and sufficient under the

circumstances of this case, and such notice complied with all of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

E.     The Debtor has articulated good and sufficient reasons for this Court to: (i) approve the Bid Procedures; (ii) schedule the Auction and Sale Hearing and approve the manner of notice of the Auction and Sale Hearing; and (iii) approve the procedures for the assumption and assignment of the Contracts, including notice of proposed cure amounts. The relief granted herein is in the best interests of the Debtor, its estate and creditors, and other parties in interest.

F.     ***Assumption and Assignment Procedures.*** The Motion, this Order, and the assumption and assignment procedures set forth herein are reasonably calculated to provide counterparties to any Contracts to be assumed by the Debtor and assigned to the Successful Bidder with proper notice of the intended assumption and assignment of its Contracts, the procedures in connection therewith, and any cure amounts relating thereto.

G.     ***Sale Notice.*** The sale notice, substantially in the form attached as <u>Exhibit 2</u> (the "**Sale Notice**"), is reasonably calculated to provide interested parties with timely and proper notice of the proposed sale, including, without limitation: (i) the date, time, and place of the Auction (if one is held); (ii) the Bid Procedures; (iii) the deadline for filing objections to the Sale and entry of the Sale Order, and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the Assets to be sold; (v) a description of the Sale as being free and clear of liens, claims, encumbrances, and other interests (except as set forth in the applicable Purchase Agreement), with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the Sale proceeds; (vi) notice of the proposed assumption and assignment of Contracts to the Successful Bidder, and no other or further notice of the sale shall be required.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

**I.    Important Dates and Deadlines.**

3.      *Sale Hearing*. The Sale Hearing shall commence on or before **November 9, 2016, at 10:00 a.m. (ET)** before the Honorable Christopher S. Sontchi at Courtroom No. 6, 824 N. Market St., Wilmington, Delaware 19801.  The Sale Hearing may be adjourned by the Debtor in consultation with the Agent and the Committee by announcement in open Court or on the Court's calendar without any further notice required.

4.      *Sale Objection Deadline*. Objections, if any, to the Sale must be made **on or before November 7, 2016, at 12:00 p.m. (ET)** (the "**Sale Objection Deadline**").  Objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be *actually received* no later than the Sale Objection Deadline by the following parties (the "**Notice Parties**"): (i) counsel to the Debtor; (ii) proposed counsel to the Committee (iii) the United States Trustee; (iv) counsel to the Agent; and (v) counsel to the Pre-Petition Subordinate Note Agent.

5.      A party's failure to timely file or make an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, entry of the Sale Order, and/or consummation of the Sale with the Successful Bidder pursuant to the applicable Purchase Agreement, including the assumption and assignment of the Contracts to the Successful Bidder

pursuant to the applicable Purchase Agreement, and shall be deemed to constitute any such party's consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto, including, without limitation, such assumption and assignment.

6.      ***Bid Deadline***. The deadline by which all Bids for the Debtor's Assets must be ***actually received*** by the parties specified in the Bid Procedures is **12:00 p.m. (ET), on October 27, 2016** (the "**Bid Deadline**").

7.      ***Auction***. **November 2, 2016 at 10:00 a.m. (ET)**, is the date and time of the Auction, if one is needed. Such Auction will be held at the offices of counsel to the Debtor: Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange St., 3rd Floor, Wilmington, DE 19801, or such later time on such day or other place as the Debtor shall notify the Notice Parties and all Qualified Bidders who have submitted Qualified Bids.

**II.      Auction, Bid Procedures, and Related Relief.**

8.      The Bid Procedures, substantially in the form attached hereto as Exhibit 1, are approved in their entirety, and the Bid Procedures shall govern the submission, receipt, and analysis of all Bids relating to the proposed sale or sales of the Assets. Any party desiring to bid on any of the Assets shall comply with the Bid Procedures and this Order. The Debtor is authorized to take any and all actions necessary to implement the Bid Procedures.

9.      If the Debtor receives one or more Qualified Bids from Qualified Bidders, then the Debtor shall conduct the Auction in accordance with the Bid Procedures.

10.      Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, as set forth in the Bid Procedures, the Auction shall be conducted openly, and the Auction shall be transcribed or videotaped.

11.     The rights of any party holding a secured claim to credit bid all or a portion of the value of its secured claims within the meaning of section 363(k) of the Bankruptcy Code at the Auction shall be reserved, subject to the terms of the Credit Agreement, the Intercreditor Agreement, the Other Transaction Documents (as each such term is defined in the Final Order Pursuant to 11 U.S.C.  §§ 105, 361, 362, 363, 364, and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtor And Debtor-in-Possession to Obtain Post-petition Financing, (II) Authorizing Use Of Cash Collateral, (III) Granting Liens and Super-Priority Claims, (IV) Granting Adequate Protection to Pre-Petition Secured Lenders, (V) Modifying Automatic Stay and (VI)  Granting Related Relief( (the "**DIP Order**") and applicable law.

12.     Any credit bid must include a cash component (or otherwise provide cash) sufficient to pay (i) the Credit Bid Transaction Fee (as defined in the engagement letter of CohnReznick Capital Market Securities, LLC approved by this Court on October 7, 2016) and (ii) all liens senior to the liens of such creditor on the collateral that is subject to the credit bid unless such senior lienholder shall otherwise consent in writing prior to the Auction.

13.     Subject to the consent of the Agent, which consent may only be withheld in Agent's reasonable discretion, the Debtor, in consultation with the Committee, may (a) determine which Qualified Bid is the highest or otherwise best offer; (b) reject at any time before entry of an Order of the Bankruptcy Court approving the Successful Bid, any Bid that, in the discretion of the Debtor, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interests of the Debtor's estate and its creditors; and (c) at or before the conclusion of the Auction, may impose such other terms and conditions upon Qualified Bidders as the Debtor, in consultation with the Agent and the Committee, determine to be in the best interests of the Debtor's estate in this case.

14.    No person or entity shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived its right to request or to file with this court any request for expense reimbursement or any fee of any nature, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise.

### III.    Assumption and Assignment Procedures.

15.    The following procedures regarding the assumption and assignment of the Contracts in connection with the Sale are approved to the extent set forth herein, and shall govern the assumption and assignment of all Contracts proposed to be assumed by the Debtor pursuant to section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder pursuant to section 365(f) of the Bankruptcy Code under the applicable Purchase Agreement.

16.    ***Notices for Contracts***. On or before October 10, 2016, the Debtor shall serve on all non-Debtor counterparties to any Contract (the "**Contract Notice Parties**") that may be assumed by the Debtor and assigned to the Successful Bidder a "**Contract Notice**," substantially in the form attached as <u>Exhibit 3</u>, that identifies, to the extent applicable: (a) the Contract that may be assumed and assigned; (b) the name of the non-Debtor counterparty to such Contract; (c) the Debtor's asserted cure amount for such Contract if it becomes assumed and assigned; (d) the deadline by which any such Contract counterparty must file an objection (each, a "**Contract Objection**") to the proposed cure amount, assumption and assignment, or adequate assurance; (e) identifying the Successful Bidder; and (f) providing Contract counterparties with the Successful Bidder's assurance of future performance; *provided* that the presence of a Contract on a Contract Notice does not constitute an admission that such Contract is an executory contract or unexpired lease; *provided, further*, that the presence of a Contract on the Contract Notice or

Assumption Notice shall not prevent the Debtor from subsequently withdrawing such request for assumption or rejecting such Contract at any time before such Contract is actually assumed and assigned pursuant to an Order of the Court. Such Contract Notice shall be without prejudice to the Successful Bidder's rights to subsequently exclude such items from assumption and assignment or add additional items. As soon as practicable after the Bid Deadline, the Debtor shall file with the Court and serve on the Contract Notice Parties who are parties to a Contract to be assumed and assigned a further notice substantially in the form attached as <u>Exhibit 4</u> (the "**Assumption Notice**") identifying all Qualified Bidders each of whom will be permitted to participate in the Auction, stating which Contracts may be assumed and assigned, and providing such parties with the Qualified Bidders' assurance of future performance. To the extent the Debtor subsequently identify prior to the Sale Hearing any additional Contracts to be assumed by the Debtor and assigned to the Successful Bidder, the Debtor shall serve on any counterparty to such Contract the Contract Notice and/or Assumption Notice, as applicable, along with the Successful Bidder's assurance of future performance, as soon as practicable. Such counterparty shall have the earlier of seven (7) days from service of the Contract Notice and/or Assumption Notice, as applicable, or the Sale Hearing to file an objection to the proposed cure amount or assumption and assignment of its Contract in accordance with the procedures set forth herein.

17.    ***Objections to Assumption of Contracts.*** Any non-Debtor counterparty to a Contract who objects to the cure or assignment of its Contracts (the "**Objecting Party**") shall file Contract Objections pursuant to the following procedures:

- ***Contract Objection***. All Contract Objections to the cure amounts listed in the Contract Notice, the Debtor's ability to assign a Contract, or adequate assurance of future performance solely by the Successful Bidder shall be filed with the Court by the earlier of 4:00 p.m. (ET) on the date that is seven (7) days from service of the Contract Notice or any amendment or supplement to the Contract Notice or the Sale Hearing.

- ***Supplemental Adequate Assurance Objection***. All Contract Objections to adequate assurance of future performance of Contracts by any Successful Bidder shall be filed with the Court at or prior to the Sale Hearing; *provided* that for parties identified on any supplemental Assumption Notice issued by the Debtor after the initial Assumption Notice, such parties shall have until the earlier of seven (7) days from service of such notice or the Sale Hearing to file such Contract Objection.

- ***No Objection***. If no Objection is received in accordance with the deadlines set forth above, such counterparty: (a) shall be deemed to have consented to the cure amounts and assumption and assignment of its Contract to the Successful Bidder; (b) shall be forever barred, estopped, and enjoined from asserting any additional cure amount under the Contracts; and (c) shall be forever barred from objecting to the assignment of the Contracts to the Successful Bidder or the adequacy of the Successful Bidder's assurance of future performance.

- ***Resolution Period***. If any timely filed Contract Objection cannot be resolved by the Successful Bidder and the Objecting Party, the Court shall resolve such Contract Objection prior to assumption and assignment of such designated Contract, and upon entry of an order by the Court resolving such Contract Objection, the assignment, if approved by the Court, shall be deemed effective as of the date such Objecting Party receives the Assumption Notice. To the extent that any Contract Objection cannot be resolved by the parties, such Contract shall be assumed and assigned only upon satisfactory resolution of the Contract Objection, to be determined in the Successful Bidder's reasonable discretion, and until such time as the Contract Objection can be resolved, the Contract shall be conditionally assumed and assigned pending a resolution of the Contract Objection after notice and a hearing.

- ***Form of Objections***. Contract Objections must: (a) be in writing; (b) state with specificity the nature of such objection and alleged cure amount, including applicable and appropriate documentation in support of such alleged cure amount; and (c) comply with the Bankruptcy Rules and the Local Rules.

## IV. Sale Hearing Notice.

18.     The Sale Notice is hereby approved. On or within three (3) calendar days following entry of this Order, the Debtor shall cause the Sale Notice to be served on: (a) the United States Trustee; (b) proposed counsel to the Committee; (c) counterparties to the Contracts (the "**Contract Counterparties**"); (d) all parties who have expressed a written interest in some or all of the Assets; (e) all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any lien, encumbrance, claim, or interest in the Assets; (f) the Internal Revenue Service; (g) all applicable state and local taxing authorities; (h) each governmental

agency that is an interested party with respect to the Sale and transactions proposed thereunder; (i) counsel to the Agent; (j) all creditors of the Debtor; (k) all equity holders of the Debtor; (l) the landlords of the Debtor; and (m) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

## V.    Miscellaneous.

19.    Notwithstanding anything to the contrary contained in this Order or otherwise: (i) the right of the Agent and DIP Lender to consent to the sale of any portion of their collateral, including, without limitation, any Assets, on terms and conditions acceptable to Agent and the DIP Lender, shall be expressly reserved and not modified, waived or impaired in any way by this Order, (ii) all cash proceeds generated from the sale of any Assets shall be paid to Agent upon the closing of such sale for application against the obligations owing by the Debtor to Agent and the DIP Lender, in such order and manner as Agent shall determine, until such time as all such obligations have been fully repaid and satisfied in full in accordance with the terms and conditions of the DIP Order and the Loan Documents (as defined in the DIP Order), and (iii) the Debtor shall consult with Agent and the Committee prior to employing any additional procedures rules at any Auction.

20.    Notwithstanding anything to the contrary contained in this Order or otherwise, nothing in this Order shall amend, modify, or impair any provision of the DIP Order, or the rights of Debtor, Agent of the DIP Lender thereunder.

21.    The proposed Sale Order provides that the Successful Bidder will have no responsibility for, and the Assets will be sold free and clear of, any successor liability, including the following: (a) any liability or other obligation of the Debtor's estate or related to the Assets; or (b) any claims against the Debtor, its estate, or any of its predecessors or affiliates.  Except as

expressly provided in the Sale Order, the Successful Bidder shall have no liability whatsoever with respect to the Debtor's estate's (or its predecessors' or affiliates') respective businesses or operations or any of the Debtor's estate's (or its predecessors' or affiliates') obligations (as described below, "**Successor or Transferee Liability**") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger, or substantial continuity, whether known or unknown as of the Closing Date (as defined in the applicable Purchase Agreement), now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtor or any obligations of the Debtor arising prior to the closing of the Sale, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Assets prior to the closing of the Sale.

22.    Notwithstanding anything to the contrary in this Order, the Bid Procedures or any order entered by the Bankruptcy Court approving the Sale, the Sale of the Assets shall not be free and clear of (i) any rights of existing licensees under executory contracts pursuant to which the Debtor is a licensor of rights to intellectual property (each such agreement, an "IP Licensing Agreement") pending the Debtor's rejection or assumption of such agreements pursuant to section 365 of the Bankruptcy Code and (ii) any rights elected to be retained by a non-debtor counterparty to an IP Licensing Agreement pursuant to 365(n) of the Bankruptcy Code after the Debtor's rejection of such IP Licensing Agreement pursuant to section 365 of the Bankruptcy Code.

23.    In the event that all of the Debtor's Assets are sold, the Successful Bidder must provide the Debtor reasonable access to its books and records to enable the Debtor to administer its bankruptcy case.

24.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

25.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

26.     The Debtor is not required to comply with any state or local bulk transfer laws or requirements in connection with the Sale.

27.     This Order shall be binding on the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the Debtor's estate.

28.     To the extent any of the deadlines set forth in this Bid Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bid Procedures Order shall govern.

29.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

30.     The Court shall retain jurisdiction over this order and any interpretation of it.


Dated: _____, 2016
Wilmington, Delaware                      _____
                                          Christopher S. Sontchi
                                          United States Bankruptcy Judge

## <u>Exhibit 1</u>

**Bid Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NJOY, INC.,[1] | Case No. 16-12076 (CSS) |
| Debtor. | |

**BID PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS**

On _____, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order approving these bid procedures (these "**Bid Procedures**," and such order, the "**Bid Procedures Order**"),[2] in the Debtor's chapter 11 case (the "**Chapter 11 Case**"). The Bankruptcy Court will have jurisdiction with respect to any dispute that may arise with respect to these Bid Procedures.

These Bid Procedures set forth the process by which the Debtor is authorized to conduct an auction for the sale (the "**Sale**") of all or substantially all of the assets of the Debtor.

The Debtor will conduct a round of open bidding and solicit higher and better offers for the Assets (the "**Open Bidding Process**") culminating in an auction intended to obtain a higher or otherwise best bid for the Assets (the "**Auction**").

### I.    Submissions to the Debtor

All submissions to the Debtor required to be made under these Bid Procedures must be directed to each the following persons unless otherwise provided (collectively, the "**Debtor's Representatives**"):

**Debtor.** NJOY, Inc., 15211 N. Kierland Blvd., Suite 200, Scottsdale, Arizona 85254, Attn: Jeffrey Weiss, President and General Counsel (jweiss@njoy.com).

**Counsel.** Counsel to the Debtor, Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange St., 3rd Floor, Wilmington, DE 19801, Attn: Michael Busenkell (mbusenkell@gsbblaw.com) and Ronald S. Gellert (rgellert@gsbblaw.com).

**Investment Banker**. Jeffrey R. Manning, CohnReznick Capital Markets Securities, LLC, CohnReznick 500 East Pratt Street, Ste. 200 Baltimore, MD 21202, jeff.manning@crcms.com.

---

[1] The last four digits of the Debtor's federal tax identification number are 6013.  The Debtor's mailing address and principal place of business is 15211 N. Kierland Blvd., Suite 200, Scottsdale, Arizona 85254.

[2] Capitalized terms not defined in these Bid Procedures shall have the meanings ascribed to them in the Bid Procedures Order.

The Debtor's Representatives shall promptly send all such submissions to the Agent (as defined below) and the Committee (as defined below).

## II.    Participation Requirements.

To participate in the bidding process or otherwise be considered for any purpose under these Bid Procedures, other than any Agent which may wish to submit a credit bid, a person or entity interested in consummating the Sale (a "**Potential Bidder**") must deliver or have previously delivered, if determined to be necessary by the Debtor in its sole discretion by no later than five (5) business days prior to the Bid Deadline:

1. an executed confidentiality agreement on terms acceptable to the Debtor (a "**Confidentiality Agreement**"); and

2. preliminary proof by the Potential Bidder of its financial capacity to close a proposed transaction, which may include financial statements of, or verified financial commitments obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the purpose of acquiring the Assets, the party that will bear liability for a breach), the adequacy of which will be assessed by the Debtor and its advisors in consultation with the Agent and the Committee.

## III.    Notice of Acceptable Bidder.

The Debtor's advisors will notify each Potential Bidder whether such Potential Bidder has submitted adequate documentation so that such Potential Bidder may submit a Bid (each, an "**Acceptable Bidder**"); *provided* that the Debtor shall consult with FLFC Lending Co. as Agent on behalf of the lenders under the prepetition Credit Agreement (the "**Agent**") and the Official Committee of Unsecured Creditors (the "**Committee**") as to whether a Potential Bidder constitutes an Acceptable Bidder or not. Notwithstanding anything herein to the contrary, the Debtor reserves the right to work with Potential Bidders to aggregate partial Bids into a consolidated Acceptable Bid prior to the Acceptable Bid Deadline. The Agent is deemed an Acceptable Bidder and a Qualified Bidder.

## IV.    Obtaining Due Diligence Access.

Only Acceptable Bidders shall be eligible to receive due diligence information and access to non-public information regarding the Debtor. The Debtor will provide to each Acceptable Bidder reasonable due diligence information, as requested by such Acceptable Bidder in writing, as soon as reasonably practicable after such request. The due diligence period will end on the Bid Deadline (as defined herein) and subsequent to the Bid Deadline the Debtor shall have no obligation to furnish any due diligence information.

In connection with the provision of due diligence information to Acceptable Bidders, the Debtor shall not furnish any confidential information relating to the Assets, liabilities of the Debtor, or the Sale to any person except to an Acceptable Bidder or to such Acceptable Bidder's duly authorized representatives to the extent provided in the applicable Confidentiality Agreement.

The Debtor and its advisors shall coordinate all reasonable requests from Acceptable Bidders for additional information and due diligence access; ***provided*** that the Debtor may decline to provide such information to Acceptable Bidders who, at such time and in the Debtor's reasonable business judgment, after consultation with the Agent and the Committee, have not established, or who have raised doubt, that such Acceptable Bidder intends in good faith to, or has the capacity to, consummate the Sale.

**All due diligence requests must be directed to the Debtor as set forth above.**

### a.  Communications with Qualified Bidders.

Notwithstanding anything to the contrary in these Bid Procedures, all substantive direct communications with Qualified Bidders shall be through the Debtor's Representatives.

### b.  Due Diligence from Qualified Bidders.

Each Qualified Bidder shall comply with all reasonable requests for additional information and due diligence access requested by the Debtor or its advisors regarding the ability of such Qualified Bidder to consummate its contemplated transaction. Failure by a Qualified Bidder to comply with such reasonable requests for additional information and due diligence access may be a basis for the Debtor to determine, after consultation with the Agent and the Committee, that such bidder is no longer a Qualified Bidder or that a bid made by such bidder is not a Qualified Bid.

### V.    Committee and Agent Access and Information.

The Debtor and the Debtor's Representatives shall regularly consult with, and make the same information that is provided to Acceptable Bidders and the Debtor available to the Agent and the Committee.

The Debtor and its advisors and representatives will reasonably and promptly consult with the Agent and the Committee with respect to negotiations with Acceptable Bidders and Qualified Bidders, the terms and conditions of draft agreements with Acceptable Bidders and Qualified Bidders, and the progress of the Open Bidding Process and the Auction.

The Debtor shall also provide the Agent and the Committee with relevant information the Debtor receive relating to any Bidders or Bids, including, but not limited to, information regarding the identity of all Potential Bidders, Acceptable Bidders, and Qualified Bidders (as defined below), the terms and conditions of any Bid, the structure (including, without limitation, the proposed tax structure) and form of consideration of any Bid, other information related to the Bid Requirements, and any other information necessary for the Agent and the Committee to evaluate the Bids (the "**Bid Information**").

### VI.   Due Diligence from Acceptable Bidders and Confidentiality.

If an Acceptable Bidder proposes to use its own or an affiliate's securities as all or part of the financial consideration in its Bid or otherwise makes a Bid that would make relevant the

Debtor or its creditors' need for information from the Bidder concerning the Bidder, the Acceptable Bidder shall comply with all reasonable requests for information from the Debtor and its advisors and representatives regarding the Acceptable Bidder (the "**Bidder Due Diligence Information**," and together with any other Bid Information provided by the Bidder, the "**Bidder Confidential Information**"). The Acceptable Bidder may request that the Debtor enter into a confidentiality agreement, if the Debtor has not done so, with respect to the Bidder Due Diligence Information satisfactory to the Debtor and the Acceptable Bidder. Failure by an Acceptable Bidder to comply with reasonable requests for information may be a basis for the Debtor and its advisors and representatives to determine, after consultation with the Agent and the Committee that such bidder no longer qualifies as an Acceptable Bidder.

The Debtor, the Agent, and the Committee, and each of its respective advisors and representatives, shall be obligated to maintain in confidence any Bidder Confidential Information in accordance with any applicable confidentiality agreement, except as otherwise set forth in these Bid Procedures. Each recipient of Bidder Confidential Information agrees to use, and to instruct its advisors and representatives to use, such Bidder Confidential Information only in connection with the evaluation of Bids during the Bidding Process or otherwise in connection with the Chapter 11 Case or in accordance with the terms of any applicable confidentiality agreement.

Notwithstanding the foregoing and the provisions contained in any applicable confidentiality agreement, the Debtor and the Debtor's Representatives, the Agent and the Committee may disclose Bidder Confidential Information, as applicable: (a) with the prior written consent of such Bidder and the Debtor; (b) to the Committee (who may share such information with members of the Committee pursuant to the terms of the Committee's bylaws); (c) to the applicable Bidder; (d) in accordance with the Open Bidding Process as set forth in sections VI and VII of these Bid Procedures; (e) to the Agent; and (f) as otherwise required or allowed by any applicable confidentiality agreement with respect to a particular Bidder or other agreement, law, court or other governmental order, or regulation, including, as appropriate, to regulatory agencies.

## VII.    Bid Requirements.

Subject to the rights of the Agent to credit bid, any proposal, solicitation, or offer (each, a "**Bid**"), shall be in cash, must be submitted by an Acceptable Bidder, and must be submitted on or before the Bid Deadline, in writing and determined by the Debtor, in its reasonable business judgment, and in consultation with the Agent and the Committee, to have satisfied the following requirements (collectively, the "**Bid Requirements**").

### a.    Consideration and Structure.

i.    ***Total Consideration.*** The Bid must identify the form and amount of the total consideration to be provided to the Debtor in cash (the "**Bid Value**").

ii.    ***Minimum Bid.*** The aggregate cash consideration proposed by each Bid must equal, or exceed, the Initial Minimum Overbid (defined below). In the case of a

credit bid, such bid must contain a cash component sufficient to satisfy in full in cash senior liens on the collateral subject to the credit bid.

iii. ***Deposit.*** Each Bid must be accompanied by a cash deposit in an amount not less than ten percent (10%) of the aggregate cash purchase price of the Bid to be held in an interest-bearing escrow account to be identified and established by the Debtor (the "**Deposit**").  No deposit shall be required for a credit bid.

iv. ***Same or Better Terms***. Each Bid must include non-contingent transaction documents necessary to effectuate the transactions contemplated in the Bid (the "**Bid Documents**"), which shall include either: (i) a schedule of Assumed Contracts to the extent applicable to the Bid, and a proposed purchase agreement outlining the Purchase Price and Assets to be acquired by such Acceptable Bidder, as well as all other material documents integral to such Bid.

v. ***Sources of Financing***. The Bid must indicate the source of cash consideration, including proposed funding commitments and confirm that such consideration is not subject to any contingencies. The Bid should include a detailed sources and uses schedule.

vi. ***Assumption.*** The Bid must specify which, if any, of the obligations of the Debtor the Bidder proposes to assume.

**VIII.    Other Requirements.**

a. ***Binding and Irrevocable***. The Bid must by its terms remain binding and irrevocable until fifteen (15) days after the date of selection of the Successful Bid, subject to extension by the Debtor for up to fifteen (15) days in the event that any necessary or advisable regulatory approval has not been received as of such date; *provided* that if the Bid is not selected as the Successful Bid or Back-Up Bid, the Bid may be revoked after approval of such Successful Bid by the Bankruptcy Court.

b. ***Regulatory Approvals and Covenants.*** Each Bid must describe in detail (a) the efforts that each party must utilize in connection with seeking and obtaining all regulatory approvals required to complete the Sale and (b) any limitations on the Bidder's obligation to take all actions necessary or advisable to obtain such regulatory approvals.

c. ***Employees.*** The Bid must detail the treatment of the employees of the Debtor and its subsidiaries.

d. ***Conditions to Closing.*** The Bid must identify with particularity each and every condition to Closing.

e. ***No Financing, Approval, or Diligence Outs.*** The Bid must not be conditioned on obtaining any of the following: (a) financing; (b) board of directors or other

similar approval; or (c) the outcome or completion of a due diligence review by the Acceptable Bidder.

f.   ***Due Diligence Acknowledgement.*** The Bid must include a written acknowledgement and representation that the Bidder: (a) has had an opportunity to conduct any and all due diligence regarding the Sale before making its offer; (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Sale in making its Bid; and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Sale or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bidder's proposed form of definitive agreement.

g.   ***No Collusion.*** The Bidder must acknowledge in writing (a) that it has not engaged in any collusion with respect to any Bids or the Sale, specifying that it did not agree with any Bidders or Potential Bidders to control price; and (b) agree not to engage in any collusion with respect to any Bids, the Auction, or the Sale.

h.   ***Good Faith Offer.*** The Bid must constitute a good faith, bona fide offer to consummate the Sale.

i.   ***Identification Information.*** The Bidder must fully disclose the identity of each entity or person that will be consummating the Sale or otherwise participating in connection with such Bid, and the complete terms of any such participation, along with sufficient evidence that the Bidder and each such entity is legally empowered, by power of attorney or otherwise, to complete the Sale on the terms contemplated by the parties.

j.   ***Consent to Jurisdiction.*** The Bidder must submit to the jurisdiction of the Bankruptcy Court and waive any right to a jury trial in connection with any disputes relating to Debtor's qualification of Bids, the Auction, the construction and enforcement of these Bid Procedures, and the Sale documents and the Closing, as applicable.

k.   ***Disclaimer of Fees.*** Each Bid must disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation.

## IX.   Open Bid Requirements.

The Debtor will only consider Bids during the Open Bidding Process from Acceptable Bidders that satisfy the Bid Requirements. Multiple Bids will be permitted during the Open Bidding Process. In addition, Acceptable Bidders during the Open Bidding Process must satisfy the following requirements (the "**Open Bid Requirements**").

a.   ***Minimum Value.*** The Bid must provide for Bid Value equal to at least $6,000,000 (the "**Initial Minimum Overbid**").

     b.   *Documentation.* The Bid must include a Purchase Agreement.

     c.   *No Other Bid Protections.* A Bid may not propose any bid protections.

Bids submitted during the Open Bidding Process and fulfilling all of the Bid Requirements and Open Bid Requirements may, at the Debtor's discretion, in consultation with the Agent and the Committee, be deemed to be "**Qualified Bids**," and those parties submitting Qualified Bids may, at the Debtor's discretion, in consultation with the Agent and the Committee, be deemed to be "**Qualified Bidders**." To be eligible to be selected as a Qualified Bidder, a Bidder must be an Acceptable Bidder and must submit a Bid that is **actually received** no later than **12:00 p.m. (ET) on October 27, 2016** (the "**Bid Deadline**") by each of the Debtor's Representatives. Acceptable Bidders that do not submit a Bid by the Bid Deadline will not be eligible to be selected as Qualified Bidders.

By no later than **5:00 p.m. (ET) on October 27, 2016**, the Debtor shall determine which Acceptable Bidders are Qualified Bidders after consultation with the Agent and the Committee's Representatives, and will notify the Acceptable Bidders whether Bids submitted constitute Qualified Bids so as to enable such Qualified Bidders to bid at the Auction. Any Bid that is not deemed a Qualified Bid shall not be considered by the Debtor.

## X.    Auction.

If the Debtor receives a Qualified Bid, the Debtor will conduct the Auction to determine the Successful Bidder with respect to the Debtor's Assets.

No later than **5:00 p.m. (ET) on October 31, 2016**, the Debtor will notify all Qualified Bidders of the highest or otherwise best Qualified Bid, as determined in the Debtor's reasonable business judgment, in consultation with the Agent and the Committee (the "**Baseline Bid**"). The determination of which Qualified Bid constitutes the Baseline Bid and which Qualified Bid constitutes the Successful Bid shall take into account any factors the Debtor, in consultation with the Agent and the Committee, reasonably deem relevant to the value of the Qualified Bid to the Debtor's estate, including, among other things: (a) the number, type, and nature of any changes to the Baseline Bid requested by the Qualified Bidder (if and as applicable), including the type and amount of Assets sought and Assumed Obligations to be assumed in the Bid; (b) the total cash consideration; (c) the likelihood of the Bidder's ability to close a transaction, the conditions thereto, and the timing thereof; and (d) the net economic effect of any changes to the value to be received by the Debtor's estate from the transaction contemplated by the Bid Documents (collectively, the "**Bid Assessment Criteria**"); *provided* that the Debtor, with the Agent's prior written consent, may allow Qualified Bid's to include cash equivalents or other forms of value acceptable to the Agent.

The Auction shall take place at **10:00 a.m. (ET) on November 2, 2016**, at the offices of [Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange St., 3rd Floor, Wilmington, DE 19801], or such later date and time as selected by the Debtor. The Auction shall be conducted in a timely fashion according to the following procedures.

     a.   **The Debtor Shall Conduct the Auction.**

The Debtor and its professionals shall direct and preside over the Auction, in consultation with the Agent and the Committee. At the start of the Auction, the Debtor shall describe the terms of the Baseline Bid. All incremental Bids made thereafter must be Overbids (as defined herein) and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders. The Debtor shall maintain a written transcript of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids, and the Successful Bid.

Only Qualified Bidders, the Agent, and the Committee, and its respective legal and financial advisors, shall be entitled to attend the Auction, and the Qualified Bidders shall appear at the Auction in person and may speak or bid themselves or through duly authorized representatives.

b.  **Terms of Overbids.**

"**Overbid**" means any cash bid made at the Auction by a Qualified Bidder subsequent to the Debtor's announcement of the Baseline Bid. Each Overbid must comply with the following conditions.

    i.  *Minimum Overbid Increment*. Any Overbid following the Initial Minimum Overbid or following any subsequent Prevailing Highest Bid (as defined below) shall be in increments in cash of $50,000 (the "**Overbid Increment**").

    ii.  *Conclusion of Each Overbid Round.* Upon the solicitation of each round of Overbids, the Debtor, following consultation with the Agent and the Committee, may announce a deadline (as the Debtor may, in its business judgment, after consultation with the Agent and the Committee, extend from time to time, the "**Overbid Round Deadline**") by which time any Overbids must be submitted to the Debtor.

    iii.  *Overbid Alterations*. Each Overbid must contain the Overbid Increment and may contain alterations, modifications, additions, or deletions of any terms of the Bid no less favorable to the Debtor's estate, or the allocation of value to the Agent, than any prior Qualified Bid or Overbid, as determined in the Debtor's reasonable business judgment, following consultation with the Agent and the Committee, but shall otherwise comply with the terms of these Bid Procedures.

    iv.  *Announcing Highest Bid*. Subsequent to each Overbid Round Deadline, the Debtor shall announce whether the Debtor has identified, an Overbid as being higher or otherwise better than the Initial Minimum Overbid, in the initial Overbid round, or, in subsequent rounds, the Overbid previously designated by the Debtor as the prevailing highest or otherwise best Bid (the "**Prevailing Highest Bid**"). The Debtor shall describe to all Qualified Bidders the material terms of any new Overbid designated by the Debtor as the Prevailing Highest Bid as well as the value attributable by the Debtor to such Prevailing Highest Bid based on, among other things, the Bid Assessment Criteria.

c.  **Consideration of Overbids.**

The Debtor reserve the right, in its reasonable business judgment, and in consultation with the Agent and the Committee, to adjourn the Auction one or more times to, among other things (i) facilitate discussions between the Debtor and Qualified Bidders, (ii) allow Qualified Bidders to consider how they wish to proceed, and (iii) provide Qualified Bidders the opportunity to provide the Debtor with such additional evidence as the Debtor, in its reasonable business judgment, after consultation with the Agent and the Committee, may require, that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt and/or equity funding commitments to consummate the proposed transaction at the prevailing Overbid amount.

  d. **Closing the Auction.**

The Auction shall continue until there is only one Qualified Bid that the Debtor determines, in its reasonable business judgment and in consultation with the Agent and the Committee, to be the highest or otherwise best Qualified Bid for the Assets. Such Qualified Bid shall be declared the "**Successful Bid**," and such Qualified Bidder, the "**Successful Bidder**" and at which point the Auction will be closed. The Auction shall not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an Overbid at the Auction to the then Prevailing Highest Bid. Such acceptance by the Debtor of the Successful Bid is conditioned upon approval by the Court of the Successful Bid.

For the avoidance of doubt, nothing in these Bid Procedures shall prevent the Debtor from exercising its respective fiduciary duties under applicable law.

As soon as reasonably practicable after closing the Auction, the Debtor shall cause the Bid Documents for the Successful Bid and Back-Up Bid (defined below) to be filed with the Court.

  e. **No Collusion; Good-Faith *Bona Fide* Offer.**

Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction that (i) it has not engaged in any collusion with respect to the Sale or bidding (including that it has no agreement with any other Bidder or Qualified Bidder to control the price) and (ii) its Qualified Bid is a good-faith *bona fide* offer and it intends to consummate the proposed transaction if selected as the Successful Bidder.

**XI.** **Back-Up Bidder.**

  a. Notwithstanding anything in these Bid Procedures to the contrary, if an Auction is conducted, the Qualified Bidder with the next-highest or otherwise second-best Qualified Bid at the Auction for the Assets, as determined by the Debtor in the exercise of its reasonable business judgment and in consultation with the Agent and the Committee (the "**Back-Up Bid**"), shall be required to serve as a back-up bidder (the "**Back-Up Bidder**"), and each Qualified Bidder shall agree and be deemed to agree to be the Back-Up Bidder if so designated by the Debtor; *provided*, that in no event will the Agent that submits a credit bid be required to serve as the Back-Up Bidder.

b.   The identity of the Back-Up Bidder and the amount and material terms of the Qualified Bid of the Back-Up Bidder shall be announced by the Debtor, at the conclusion of the Auction at the same time the Debtor announce the identity of the Successful Bidder. The Back-Up Bidder shall be required to keep its Qualified Bid (or if the Back-Up Bidder submits one or more Overbids at the Auction, its final Overbid) open and irrevocable until the closing of the transaction with the Successful Bidder. The Back-Up Bidder's Deposit shall be held in escrow until the closing of the transaction with the Successful Bidder.

c.   If a Successful Bidder fails to consummate the approved transactions contemplated by its Successful Bid, the Debtor, in consultation with the Agent and the Committee, may select the Back-Up Bidder as the Successful Bidder, and such Back-Up Bidder shall be deemed a Successful Bidder for all purposes. The Debtor will be authorized, but not required, to consummate all transactions contemplated by the Bid of such Back-Up Bidder without further order of the Court or notice to any party. In such case, the defaulting Successful Bidder's Deposit shall be forfeited to the Debtor, and the Debtor specifically reserve the right to seek all available remedies against the defaulting Successful Bidder, including with respect to specific performance.

## XII.    Highest or Otherwise Best Bid.

When determining the highest or otherwise best Qualified Bid, as compared to other Qualified Bids, the Debtor, in consultation with the Agent and the Committee, may consider the following factors in addition to any other factors that the Debtor, the Agent, and the Committee deem appropriate: (a) the number, type, and nature of any changes to the Baseline Bid requested by the Qualified Bidder (if and as applicable), including the type and amount of Assets sought and obligations to be assumed in the Bid; (b) the amount and nature of the total consideration; (c) the likelihood of the Bidder's ability to close a transaction and the timing thereof; and (d) the net economic effect of any changes to the value to be received by the Debtor's estate from the transaction contemplated by the Bid Documents.

## XIII.    Rights to Credit Bid.

At the Auction, the Agent shall have the right to credit bid all or a portion of the value of its claims within the meaning of section 363(k) of the Bankruptcy Code. The Agent may, but shall not be required to, notify the Debtor prior to the Bid Deadline of its intent to credit bid at the Auction, and the Debtor shall take such notice into account before seeking to cancel the Auction.  The rights of the Committee to challenge the right of any party to credit bid is expressly reserved.

Any credit bid made by a Successful Bidder must include a cash component (or otherwise provide for cash) sufficient to pay the Breakup Fee and any senior liens on the collateral that is subject to the credit bid, or otherwise provide for cash sufficient to pay the Breakup Fee and cash to pay any senior liens on the collateral that is subject to the credit bid.

## XIV.    Reservation of Rights.

The Debtor reserves its rights to modify these Bid Procedures in its reasonable business judgment, in consultation with the Agent and the Committee, in any manner that will best promote the goals of the bidding process, or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation: (a) extending the deadlines set forth in these Bid Procedures; (b) with the consent of the Agent, adjourning the Auction at the Auction and/or adjourning the Sale Hearing (as defined below) in open court without further notice; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) canceling the Auction; and (e) rejecting any or all Bids or Qualified Bids.

## XV.    Consent to Jurisdiction.

All Qualified Bidders at the Auction shall be deemed to have consented to the jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the construction and enforcement of these Bid Procedures, and/or the Bid Documents, as applicable.

## XVI.    Sale Hearing.

A hearing to consider approval of the Sale of all or substantially all or a subset of the Debtor's Assets to the Successful Bidder is held) (the "**Sale Hearing**") is currently scheduled to take place on **November 9, 2016, at 10:00 a.m. (ET)**, before the Honorable Christopher S. Sontchi at Courtroom No. 6, 824 N. Market St., Wilmington, Delaware 19801.

**The Sale Hearing may be continued to a later date by the Debtor, with the prior written consent of the Agent, by sending notice prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.**

At the Sale Hearing, the Debtor shall present the Successful Bid to the Court for approval.

## XVII.    Return of Deposit.

The Deposit of the Successful Bidder shall be applied to the purchase price of such transaction at closing. The Deposits for each Qualified Bidder shall be held in one or more accounts on terms acceptable to the Debtor and the Agent in its respective sole discretion and shall be returned (other than with respect to the Successful Bidder, and the Back-Up Bidder) on or within three (3) business days after the Auction.

If a Successful Bidder fails to consummate a proposed transaction because of a breach by such Successful Bidder, the Debtor will not have any obligation to return the Deposit deposited by such Successful Bidder, which may be retained by the Debtor as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to the Debtor, and the Debtor shall be free to consummate the proposed transaction with the applicable Back-Up Bidder without the need for an additional hearing or order of the Court.

## XVIII.    Fiduciary Out.

Nothing in these Bid Procedures shall require the board of directors or such similar governing body of the Debtor to take any action, or to refrain from taking any action, with respect to these Bid Procedures, to the extent such board of directors, board of managers, or such similar governing body determines, or based on the advice of counsel, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or its fiduciary obligations.

Dated: October 7, 2016
Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (No. 3933)
Ronald S. Gellert (No. 4259)
Brya M. Keilson (No. 4643)
1201 North Orange Street , Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
Email: mbusenkell@gsbblaw.com
          rgellert@gsbblaw.com
          bkeilson@gsbblaw.com

*Proposed Attorneys for NJOY, Inc., Debtor and Debtor-in- Possession*

**<u>Exhibit 2</u>**

**Sale Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NJOY, INC.,[1] | Case No. 16-12076 (CSS) |
| Debtor. | RE: D.I. __18__ |

## NOTICE OF SALE BY AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that on September 20, 2016, the above-captioned debtor and debtor in possession (the "**Debtor**") filed the *Debtor's Motion for Entry of (I) An Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving The Form And Manner of Notice Thereof, and (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief and (II) An Order (A) Approving the Asset Purchase Agreement Between the Debtor and the Purchaser, and (B) Authorizing The Sale Of Substantially All Of The Debtor's Assets Free and Clear Of Liens, Claims, Encumbrances, and Interests, (C) Authoring the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief* [Docket No. 18] (the "**Sale Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking, among other things, entry of an order (the "**Sale Order**") authorizing and approving: (a) the sale of substantially all of the Debtor's assets (the "**Assets**") free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the sale proceeds, except as set forth in the applicable Purchase Agreement and subject to higher or otherwise better offers (the "**Sale**"); and (b) procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "**Contracts**"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtor is soliciting offers for the purchase of the Assets of the Debtor consistent with the Bid Procedures (the "**Bid Procedures**") approved by the Court by entry of an order on _____, 2016 [Docket No. _____] (the "**Bid Procedures Order**"). <u>**All interested bidders should carefully read the Bid Procedures and Bid Procedures Order.**</u> To the extent that there are any inconsistencies between this notice and the Bid Procedures or Bid Procedures Order, the Bid Procedures or Bid Procedures Order, as applicable, shall govern in all respects.

---

[1] The last four digits of the Debtor's federal tax identification number are 6013. The Debtor's mailing address and principal place of business is 15211 N. Kierland Blvd., Suite 200, Scottsdale, Arizona 85254.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Sale Motion.

1

**PLEASE TAKE FURTHER NOTICE** that, if the Debtor receive qualified competing bids within the requirements and time frame specified by the Bid Procedures, the Debtor will conduct an auction (the "**Auction**") of the Assets on **November 2, 2016 at 10:00 a.m. (ET)** at the offices of Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange St., 3rd Floor, Wilmington, DE 19801 (or at any other location as the Debtor may hereafter designate on proper notice).

**PLEASE TAKE FURTHER NOTICE** that the Debtor will seek approval of the Sale at a hearing scheduled to commence on or before **November 9, 2016 at 10:00 a.m. (ET)** (the "**Sale Hearing**") before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at Courtroom No. 6, 824 N. Market St., Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise set forth in the Bid Procedures Order with respect to any objections to proposed cure amounts or the assumption and assignment of Contracts, objections to the relief requested in the Sale Motion *must*: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be *actually received* by **November 7, 2016, at 12:00 p.m. (ET)** by the following parties (the "**Notice Parties**"):

| **Counsel to the Debtor** | **Counsel to FLFC Lending Co.** |
|---|---|
| Gellert Scali Busenkell & Brown, LLC<br>1201 N. Orange St.<br>3rd Floor<br>Wilmington, Delaware 19801<br>Attn: Michael Busenkell<br>mbusenkell@gsbblaw.com | Otterbourg PC<br>230 Park Avenue<br>New York, New York 10169-0075<br>Attn: Daniel F. Fiorillo & Chad B. Simon<br>dfiorillo@otterbourg.com<br>csimon@otterbourg.com |
| **Counsel to the Official Committee of Unsecured Creditors** | **The United States Trustee** |
| Fox Rothschild LLP<br>919 N. Market St., Ste. 300<br>Wilmington, DE  19801<br>Attn.: L. John Bird, Esq., Martha B. Chovanes, Esq. and Michael Sweet, Esq.<br>LBird@foxrothschild.com<br>mchovanes@foxrothschild.com<br>msweet@foxrothschild.com | Office of the United States Trustee for the District of Delaware<br>J. Caleb Boggs Building<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Attn: David L. Buchbinder<br>David.L.Buchbinder@usdoj.gov |

## CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BID PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH**

**RESPECT TO THE TRANSFER OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT.**

<u>**NO SUCCESSOR OR TRANSFEREE LIABILITY**</u>

The proposed Sale Order provides that the Successful Bidder will have no responsibility for, and the Assets will be sold free and clear of, any successor liability, including the following: (a) any liability or other obligation of the Debtor's estate or related to the Assets; or (b) any claims against the Debtor, its estate, or any of its predecessors or affiliates. Except as expressly provided in the Sale Order, the Successful Bidder shall have no liability whatsoever with respect to the Debtor's estate's (or its predecessors' or affiliates') respective businesses or operations or any of the Debtor's estate's (or its predecessors' or affiliates') obligations (as described below, "**Successor or Transferee Liability**") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger, or substantial continuity, whether known or unknown as of the Closing Date (as defined in the applicable Purchase Agreement), now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtor or any obligations of the Debtor arising prior to the closing of the Sale, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Assets prior to the closing of the Sale.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, Bid Procedures, and Bid Procedures Order, as well as all related exhibits, including the applicable Purchase Agreement and the proposed Sale Order, and additional information are available: (a) upon request to UpShot Services, LLC (the notice and claims agent retained in these Chapter 11 Case) by calling (855) 812-6112; (b) by visiting the website maintained in these Chapter 11 Case at http://www.upshotservices.com/njoy or (c) for a fee via PACER by visiting https://ecf.deb.uscourts.gov/.

Dated:  October 7, 2016
 Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (No. 3933)
Ronald S. Gellert (No. 4259)
Brya M. Keilson (No. 4643)
1201 North Orange Street , Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
Email: mbusenkell@gsbblaw.com
        rgellert@gsbblaw.com
        bkeilson@gsbblaw.com

3

*Proposed Attorneys for NJOY, Inc., Debtor and Debtor-in- Possession*

# **Exhibit 3**

**Contract Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NJOY, INC.,[1] | Case No. 16-12076 (CSS) |
| Debtor. | |

## NOTICE OF SALE BY AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that on September 20, 2016, the above-captioned debtor and debtor in possession (the "**Debtor**") filed the *Debtor's Motion for Entry of (I) An Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving The Form And Manner of Notice Thereof, and (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief and (II) An Order (A) Approving the Asset Purchase Agreement Between the Debtor and the Purchaser, and (B) Authorizing The Sale Of Substantially All Of The Debtor's Assets Free and Clear Of Liens, Claims, Encumbrances, and Interests, (C) Authoring the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief* [Docket No. 18] (the "**Sale Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking, among other things, entry of an order (the "**Sale Order**") authorizing and approving: (a) the sale of substantially all of the Debtor's assets (the "**Assets**") free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the sale proceeds, except as set forth in the applicable Purchase Agreement and subject to higher or otherwise better offers (the "**Sale**"); and (b) procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "**Contracts**"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that on _____, 2016, the Court entered an order [Docket No. ____] (the "**Bid Procedures Order**") granting certain of the relief sought in the Sale Motion, including, among other things, approving: (a) the Bid Procedures (the "**Bid Procedures**") for the Sale of the Assets; and (b) procedures for the assumption and assignment of the Contracts (the "**Assumption Procedures**").

**PLEASE TAKE FURTHER NOTICE** that the Debtor will seek approval of the Sale at a hearing scheduled to commence on or before **November 9, 2016, at 10:00 a.m. (ET)** (the "**Sale Hearing**") before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's federal tax identification number are 6013.  The Debtor's mailing address and principal place of business is 15211 N. Kierland Blvd., Suite 200, Scottsdale, Arizona 85254.

for the Bankruptcy Court for the District of Delaware, at Courtroom No. 6, 824 N. Market St., Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE** that upon the closing of the Sale, the Debtor intends to assume and assign to the Successful Bidder arising from the Auction (as defined in the Bid Procedures Order), the Contracts and Leases and any modifications thereto (collectively, the "**Assigned Contracts**") set forth on Exhibit A attached hereto, subject to (a) the Successful Bidder's right to designate additional Contracts as Assigned Contracts or remove certain Contracts from the list of Assigned Contracts or (b) any similar right of any other Successful Bidder arising from the Auction. In addition, the cure amounts, if any, necessary for the assumption and assignment of the Assigned Contracts (the "**Cure Amounts**") are set forth on Exhibit A attached hereto.

**PLEASE TAKE FURTHER NOTICE** that the Debtor has evaluated the financial wherewithal of the Successful Bidder (*e.g.*, financial credibility, willingness, and ability of the interested party to perform under the Contracts) and believes that the Successful Bidder's financial health, agreement to pay cure amounts related to the Assigned Contracts, and commitment to pay obligations as they come due satisfies the requirements of adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, after the Bid Deadline has occurred, the Debtor will separately identify the Contracts designated for assumption and assignment by each Qualified Bidder and furnish adequate assurance information demonstrating the ability of each Qualified Bidder to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code, including, without limitation, each Qualified Bidder's financial wherewithal and willingness to perform under the Assigned Contracts.

## Obtaining Additional Information

Copies of the Sale Motion, Bid Procedures, and Bid Procedures Order, as well as all related exhibits, including the proposed Sale Order, are available: (a) upon request to UpShot Services, LLC  (the notice and claims agent retained in these Chapter 11 Case) by calling (855) 812-6112; (b) by visiting the website maintained in these Chapter 11 Case at http://www.upshotservices.com/njoy; or (c) for a fee via PACER by visiting https://ecf.deb.uscourts.gov/.

You may obtain additional information concerning the above-captioned Chapter 11 Case at the website maintained in these Chapter 11 Case at http://www.upshotservices.com/njoy.

## Filing Assumption and Assignment Objections

Pursuant to the Assumption Procedures, objections to the proposed assumption and assignment of an Assigned Contract, including any objection relating to the Cure Amount and/or adequate assurance of future performance (collectively, a "**Contract Objection**"), must: (a) be in writing; (b) state with specificity the nature of such objection and alleged Cure Amount, including applicable and appropriate documentation in support of such alleged Cure Amount; (c) comply with the Bankruptcy Rules and the Local Rules; (d) for Contract Objections to any Cure

Amount set forth on Exhibit A attached hereto or to the assumption and assignment of an Assigned Contract to the Successful Bidder, be filed with the Court and served so as to be *actually received* on the earlier of **4:00 p.m. (ET) seven days from service of this notice or the Sale Hearing**; and (e) for Contract Objections to the adequate assurance of future performance by a Qualified Bidder, be filed with the Court and served so as to be *actually received* by **November 7, 2016, at 12:00 p.m. (ET)**.

Any timely filed Contract Objections made prior to the Sale Hearing will be considered at the Sale Hearing, or another date agreed to by the parties, and must be served on the following parties:

| Counsel to the Debtor | Counsel to FLFC Lending Co. |
|---|---|
| Gellert Scali Busenkell & Brown, LLC<br>1201 N. Orange St.<br>3rd Floor<br>Wilmington, Delaware 19801<br>Attn: Michael Busenkell<br>mbusenkell@gsbblaw.com | Otterbourg PC<br>230 Park Avenue<br>New York, New York 10169-0075<br>Attn: Daniel F. Fiorillo & Chad B. Simon<br>dfiorillo@otterbourg.com<br>csimon@otterbourg.com |
| **Counsel to the Official Committee of Unsecured Creditors** | **The United States Trustee** |
| Fox Rothschild LLP<br>919 N. Market St., Ste. 300<br>Wilmington, DE 19801<br>Attn.: L. John Bird, Esq., Martha B. Chovanes, Esq. and Michael Sweet, Esq.<br>LBird@foxrothschild.com<br>mchovanes@foxrothschild.com<br>msweet@foxrothschild.com | Office of the United States Trustee for the District of Delaware<br>J. Caleb Boggs Building<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Attn: David L. Buchbinder<br>David.L.Buchbinder@usdoj.gov |

If any timely filed Contract Objection cannot be resolved by the Successful Bidder arising from the Auction, if any, and the objecting party, the Court shall resolve such Contract Objection prior to assumption and assignment of such designated Contract, and upon entry of an order by the Court resolving such Contract Objection, the assignment, if approved by the Court, shall be deemed effective as of the date such objecting party receives the Assumption Notice. To the extent that any Contract Objection cannot be resolved by the parties, such Contract shall be assumed and assigned only upon satisfactory resolution of the Contract Objection, to be determined in the reasonable discretion of the Successful Bidder arising from the Auction, if any, and until such time as the Contract Objection can be resolved, the Contract shall be conditionally assumed and assigned pending a resolution of the Contract Objection after notice and a hearing.

## CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION

**ANY COUNTERPARTY TO AN ASSIGNED CONTRACT WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF AN ASSIGNED CONTRACT AND/OR THE CURE AMOUNT**

3

**SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO IN ACCORDANCE WITH THE BID PROCEDURES ORDER AND THE ASSUMPTION PROCEDURES SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACT AND/OR THE CURE AMOUNT SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO, INCLUDING ASSERTING ADDITIONAL CURE AMOUNTS WITH RESPECT TO THE ASSIGNED CONTRACT RELATING TO ANY PERIOD PRIOR TO THE TIME OF ASSUMPTION AND ASSIGNMENT.**

Dated:  October 7, 2016
 Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (No. 3933)
Ronald S. Gellert (No. 4259)
Brya M. Keilson (No. 4643)
1201 North Orange Street , Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
Email: mbusenkell@gsbblaw.com
       rgellert@gsbblaw.com
       bkeilson@gsbblaw.com

*Proposed Attorneys for NJOY, Inc., Debtor and Debtor-in- Possession*

## Exhibit A

**Assigned Contracts**

**Assigned Contracts**[1]

| Debtor | Counterparty | Description of Assigned Contract or Lease | Cure Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

[1] The presence of a contract or lease on this Exhibit A does not constitute an admission by the Debtor that such contract is an executory contract or such lease is an unexpired lease pursuant to section 365 of the Bankruptcy Code or any other applicable law, and the Debtor reserves all rights to withdraw any proposed assumption and assignment or to reject any contract or lease at any time before such contract or lease is assumed and assigned pursuant to an order of the Court.

## Exhibit 4

**Assumption Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NJOY, INC.,[1] | Case No. 16-12076 (CSS) |
| Debtor. | |

## NOTICE OF PROPOSED ASSIGNMENT OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on September 20, 2016, the above-captioned debtor and debtor in possession (the "**Debtor**") filed the *Debtor's Motion for Entry of (I) An Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving The Form And Manner of Notice Thereof, and (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief and (II) An Order (A) Approving the Asset Purchase Agreement Between the Debtor and the Purchaser, and (B) Authorizing The Sale Of Substantially All Of The Debtor's Assets Free and Clear Of Liens, Claims, Encumbrances, and Interests, (C) Authoring the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief* [Docket No. 18] (the "**Sale Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking, among other things, entry of an order (the "**Sale Order**") authorizing and approving: (a) the sale of substantially all of the Debtor's assets (the "**Assets**") free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the sale proceeds, except as set forth in the applicable Purchase Agreement and subject to higher or otherwise better offers (the "**Sale**"); and (b) procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "**Contracts**"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that on _____, 2016, the Court entered an order [Docket No. ____] (the "**Bid Procedures Order**") granting certain of the relief sought in the Sale Motion, including, among other things, approving: (a) the Bid Procedures (the "**Bid Procedures**") for the Sale of the Assets; and (b) procedures for the assumption and assignment of the Contracts (the "**Assumption Procedures**").

**PLEASE TAKE FURTHER NOTICE** that, accordingly, pursuant to the Assumption Procedures and by this written notice, the Debtor notifies you that it has determined, in the exercise of its business judgment, that the Contracts and any modifications thereto set forth on

---

[1] The last four digits of the Debtor's federal tax identification number are 6013. The Debtor's mailing address and principal place of business is 15211 N. Kierland Blvd., Suite 200, Scottsdale, Arizona 85254.

<u>Exhibit A</u> attached hereto (collectively, the "**Assigned Contracts**") shall be assumed and assigned to the Successful Bidder, subject to the Successful Bidder's payment of the cure amounts set forth on <u>Exhibit A</u>, or such other cure amounts that are agreed to by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Successful Bidder has the right under certain circumstances to designate additional Contracts and Leases as Assigned Contracts or remove certain Contracts from the list of Assigned Contracts prior to Closing (as defined in the applicable Purchase Agreement).

**PLEASE TAKE FURTHER NOTICE** that, copies of the Sale Motion, Bid Procedures, and Bid Procedures Order, as well as all related exhibits, including the proposed Sale Order, are available: (a) upon request to UpShot Services, LLC  (the notice and claims agent retained in these Chapter 11 Case) by calling (855) 812-6112; (b) by visiting the website maintained in these Chapter 11 Case at http://www.upshotservices.com/njoy; or (c) for a fee via PACER by visiting https://ecf.deb.uscourts.gov/.

**PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned Chapter 11 Case at the website maintained in these Chapter 11 Case at http://www.upshotservices.com/njoy.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise provided by the Bid Procedures Order, the time for filing objections to (a) the cure amounts related to the Assigned Contracts, (b) the Debtor's ability to assume and assign any Assigned Contract, and (c) adequate assurance of future performance by the assumption and assignment to the Successful Bidder has passed and no further notice or action is necessary with respect to such matters.

Dated:  October 7, 2016
 Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (No. 3933)
Ronald S. Gellert (No. 4259)
Brya M. Keilson (No. 4643)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
Email: mbusenkell@gsbblaw.com
      rgellert@gsbblaw.com
      bkeilson@gsbblaw.com

*Proposed Attorneys for NJOY, Inc., Debtor and Debtor-in- Possession*

## **Exhibit A**

**Assigned Contracts**

**Assigned Contracts**[1]

| Debtor | Counterparty | Description of Assigned Contract or Lease | Cure Amount |
|--------|--------------|------------------------------------------|-------------|
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |
|        |              |                                          |             |

---

[1] The presence of a contract or lease on this Exhibit A does not constitute an admission by the Debtor that such contract is an executory contract or such lease is an unexpired lease pursuant to section 365 of the Bankruptcy Code or any other applicable law, and the Debtor reserves all rights to withdraw any proposed assumption and assignment or to reject any contract or lease at any time before such contract or lease is assumed and assigned pursuant to an order of the Court.

## **Exhibit B**

**(Sale Order)**

[To be filed prior to the Sale Hearing]